IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JESUS CAVAZOS AND ANA CAVAZOS** § | |
| Plaintiffs § | |
| § | CIVIL ACTION NO. 5:15-cv-191 |
| v. § | |
| § | JURY DEMANDED |
| **WELLINGTON RISK INSURANCE** § | |
| **COMPANY** § | |
| Defendant | |

**DEFENDANT/INTERVENOR COMPANION PROPERTY & CASUALTY
INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant/Intervenor Companion Property & Casualty Insurance Company ("Companion") in Cause No. 2015CVF002541D4, pending in the 406th Judicial District Court, Webb County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Laredo Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows the following:

**I.
FACTUAL BACKGROUND**

1.1   On or about July 24, 2015, Plaintiffs Jesus and Ana Cavazos filed Plaintiffs' Original Petition in the matter styled *Jesus Cavazos and Ana Cavazos v. Wellington Risk Insurance Company,* Cause No. 2015CVF002541D4, pending in in the 406th Judicial District Court, Webb County, Texas, in which Plaintiffs made a claim for damages to their home under a homeowner's insurance policy. Although Plaintiffs named Wellington Risk Insurance Company ("Wellington") as the insurance carrier and sole Defendant, Wellington did not issue the Plaintiffs' policy and has no relationship to Plaintiffs' claims under its policy. Rather,

Companion Property & Casualty Insurance Company, a foreign entity with its principal place of business in South Carolina, issued Plaintiffs' policy.

1.2     Plaintiffs served Defendant Wellington with their Original Petition and process on or about August 13, 2015.

1.3     Defendant Wellington filed a Verified Denial on September 8, 2015, stating that it did not issue Plaintiffs' homeowner's insurance policy and had no involvement with Plaintiffs' claim.

1.4     On September 8, 2015, Companion filed an intervention as a party defendant in Cause No. 2015CVF002541D4, pending in in the 406th Judicial District Court, Webb County, Texas, on the basis that it, and not Wellington, issued Plaintiffs' homeowner's insurance policy.

1.5     Simultaneously with filing of this Notice of Removal, attached hereto are the following Exhibits, as referenced within the attached Index of Matters Being Filed:

- The demand letter received from Plaintiffs' counsel dated June 1, 2015, attached as Exhibit "A";
- A true and correct copy of the Webb County Docket Sheet, attached as Exhibit "B";
- A true and correct copy of Plaintiffs' Original Petition, attached hereto as Exhibit "C";
- A true and correct copy of the Citation to Wellington Risk Insurance Company, attached hereto as Exhibit "D";
- A true and correct copy of Defendant Wellington Risk Insurance Company's Original Answer, attached hereto as Exhibit "E";

- A true and correct copy of Defendant/Intervenor Companion Property & Casualty Insurance Company's Petition in Intervention, attached hereto as Exhibit "F";

- Wellington Risk Insurance Company's Consent to Removal, attached hereto as Exhibit "G";

- All orders signed by the trial court in the state lawsuit, attached hereto as Exhibit "H";

- Designation of Counsel, attached hereto as Exhibit "I";

- A true and correct copy of the Declarations Page for the subject policy, attached hereto as Exhibit "J";

- The affidavit of Clifford Nkeyasen, attached hereto as Exhibit "K";

- Order issued by the court in *Torres v. Wellington Insurance Company*, No. 4:15-CV-532-A (N.D. Tex. Aug. 21, 2015), attached hereto as Exhibit "L."

## II.
## BASIS FOR REMOVAL

2.1   Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2   Plaintiffs are and were at the time the lawsuit was filed, residents of the State of Texas. *See* Exhibit C.

2.3   Defendant/Intervenor Companion is incorporated, and has its principal place of business, in South Carolina. Accordingly, Companion is a citizen of the State of South Carolina.

2.4   Defendant Wellington, although not a proper party to this lawsuit, is a citizen of the State of Texas.

### A. Defendant Wellington Insurance Company Has Been Improperly and/or Fraudulently Joined in this Lawsuit.

2.5     With respect to the claims against Wellington, it is Companion's position that Wellington has been fraudulently and/or improperly joined in this action.

2.6     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Central R.R. Co*., 385 F.3d 568, 573 (5th Cir. 2003). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim within its pleading. However, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," a court may pierce the plaintiff's pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 574; *see McDonal v. Abbot Laboratories*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

2.7     Here, there is no possibility of recovery by Plaintiffs against Wellington. All of Plaintiffs' claims depend on Wellington having issued Plaintiffs' homeowner's policy and/or having some involvement with Plaintiffs' claim. *See* Exhibit A, at pages 2–11. Because Wellington did not issue Plaintiffs' policy, and in fact had no involvement with Plaintiffs whatsoever, Plaintiffs have no possibility of recovery as a matter of law. *See* Exhibits E and F; Exhibit J, Plaintiffs' Policy Declarations Page; *see also Torres v. Wellington Insurance Company*, No. 4:15-CV-532-A (N.D. Tex. Aug. 21, 2015) (order dismissing Wellington

Insurance Company as same was improperly joined);[1] *Goode v. Nationwide Mutual Ins. Co.*, 1997 WL 75237, at *1-3 (N.D. Tex. 1997) (dismissing a case after the plaintiff named the wrong insurance company).

    2.8    Plaintiffs' claims include negligence, breach of contract, violations of Sections 541 and 542 of the Texas Insurance Code, violations of the DTPA, unfair insurance practices, breach of the duty of good faith and fair dealing, breach of fiduciary duty, misrepresentation, negligent misrepresentation, and waiver and estoppel. *See* Exhibit C, at pages 5–15. Each of these claims is premised on the allegation that Defendant Wellington was Plaintiffs' insurer and issued his homeowner's policy and/or had some involvement with Plaintiffs' claim. Because Wellington did not issue this policy, had no involvement in Plaintiffs' claim, and had no relationship whatsoever with Plaintiffs, there is no possibility of recovery by Plaintiffs against Defendant Wellington. *See* Exhibits E, F, and J. In other words, because the Plaintiffs' state court pleading misstated or omitted discrete facts that would determine the propriety of joinder," (i.e., with respect to Wellington's involvement with the Plaintiffs' policy and/or claim) a summary inquiry of the above stated facts establishes that no potential for liability exists as to Wellington and that Wellington was improperly named as Defendant. *Smallwood*, 385 F.3d at 574; *see McDonal v. Abbot Laboratories*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

    2.9    Further, Plaintiffs failed to offer any specific facts in support of their claims against Defendant Wellington and therefore fails to make the required "factual fit between [his] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir, 1999). Indeed, Plaintiffs' claims are nothing more than bare-bone form allegations devoid of any substantive facts.

---

[1] A copy of this recent order from the Northern District of Texas is attached hereto as (Exhibit L).

2.10    Because Wellington was improperly joined in this matter and because Companion Property & Casualty Insurance Company, a foreign defendant, is the only proper defendant in this action by virtue of its intervention prior to removal, there is complete diversity. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction

2.11    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.12    Here, Plaintiffs' claims are centered on the alleged failure to pay the full proceeds of Plaintiffs' policy necessary to make repairs to Plaintiffs' dwelling. Plaintiffs' Original Petition alleges various causes of action for actual damages, statutory penalties, treble damages, and attorney's fees. *See* Exhibit C, at pages 17. Plaintiffs' Original Petition specifically requests monetary relief of more than $100,000 but no more than $200,000, which on its face establishes the minimum amount in controversy exceeds $75,000. *See id.* at page 11; *see also Middlebrook v. SLM Financial Corp.*, CV No. 5:15-CV-237-DAE, 2015 WL 2401435, at *3 (W.D. Tex. May 20, 2015) (finding that pleading asserting damages in excess of $100,000 but less than $200,000 pursuant to Rule 47(c) establishes amount in controversy in excess of $75,000.00); *Arriaga v. Midland Funding LLC*, No. 3:14-CV-4044-M, 2015 WL 567264, at *3 (N.D. Tex. Feb. 11, 2015) (same).

2.13     Notwithstanding the above, Plaintiffs' demand letter prepared with respect to this matter likewise supports Companion's position that the amount in controversy exceeds $75,000.00. Specifically, Plaintiffs' letter specifically identified Plaintiffs alleged actual damages demanded amounted to $81,500.00 and also sought $8,5000.00 in attorney's fees (which presumably has increased as a result of the filing of the present litigation). *See* Exhibit A. Therefore, based on the above, Defendant/Intervenor Companion has met its burden to establish the amount in controversy exceeds $75,000.00

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Intervenor Companion files this notice of removal within the 30 days of the filing of its plea in intervention as required by law. *See FDIC v. Brooks*, 652 F. Supp. 744, 745 (N.D. Tex. 1985)

3.2     Defendant Wellington has consented to removal. *See* Exhibit G. Regardless, consent is not required because Defendant Wellington has been fraudulently and/or improperly joined solely to defeat diversity jurisdiction. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

3.3     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.4     Pursuant to 28 U.S.C. § 1446(d), promptly after Companion files this Notice, written notice of the filing will be given to Plaintiffs, the adverse parties.

3.5    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Bexar County District Court, promptly after Companion files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant/Intervenor Companion hereby removes this case to this Court for trial and determination.

        Respectfully submitted,

        CURNEY, FARMER,
         HOUSE & OSUNA, P.C.
        411 Heimer Road
        San Antonio, Texas  78232-4854
        Telephone:    (210) 377-1990
        Facsimile:    (210) 377-1065
        Email:         wdfarmer@cfholaw.com

*/s/ Wm. David Farmer*
**Wm. David Farmer**
State Bar No. 06826470

*Attorneys for Intervenor/Defendant and Wellington Risk Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify pursuant to Rule 5(b) of the Federal Rules of Civil Procedure that on the 11th day of September, 2015, I electronically filed the foregoing and have served such filing, along with all exhibits and attachments, on the following via the method indicated:

*Via E-mail:*

Bill L. Voss
Scott G. Nunziker
Tyler Bleau
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
Email:   bill.voss@vosslawfirm.com
            scott@vosslawfirm.com
            tyler@vosslawfirm.com

*Attorneys for Plaintiffs*


                                                         */s/ Wm. David Farmer*
                                                         **Wm. David Farmer**