IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JESUS CAVAZOS AND ANA CAVAZOS | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:15-cv-191 |
| WELLINGTON RISK INSURANCE | § | |
| AGENCY, INC.                        , | § | |
| Defendant | § | |

## JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

### Preliminary Matters

1.   **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

The conference was conducted on 11/13/15 via telephone. Tyler Bleau, counsel for Plaintiffs and Chad W. Schreiber, counsel for Defendant Companion, participated in the conference

2.   **List cases pending in this, or any other district, along with the cause number and judicial district, that are related to this case.**

None.

3.   **If another case is pending in this or any other district, can and should this case be consolidated with that case.**

N/A.

4.   **Briefly describe what this case is about.**

Plaintiffs filed this lawsuit following an alleged weather event Plaintiffs claim caused damage to their property. Plaintiffs submitted a claim to Companion under a homeowner's insurance policy and, after Companion's payment following Companion's inspection of the property, Plaintiffs filed suit alleging that the claim was underpaid and/or that Companion's acts and/or omissions constitute breach of contract and/or violations of certain statutory and/or common law duties.

5.   **What is Plaintiffs' allegation of federal jurisdiction, or if this case was removed, what is Defendant's allegation of federal jurisdiction.**

This case was removed by Defendant under 28 U.S.C. § 1441 and 1446. Defendant's allegation of federal jurisdiction is that Defendant Companion is incorporated and has its principal place of business in South Carolina. Accordingly, because Plaintiffs are residents of Texas, complete diversity of parties exists. Moreover, the amount in controversy exceeds $75,000.00. As such, federal jurisdiction exists under 28 U.S.C. § 1332.

Plaintiffs initially filed suit against an in-state entity. Defendant Companion subsequently intervened and asserted that the in-state entity originally sued was not a party to the insurance contract and had no involvement with the subject claim. Following intervention, Defendant Companion removed this case to federal court. Plaintiffs subsequently filed an amended complaint removing all allegations against the in-state entity.

**6.     Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?**

Plaintiffs do not oppose federal jurisdiction in this case.

**7.     Does either party anticipate the need to add additional parties?**

Not at this time.

**8.     If so, list any additional parties and when they can be added.**

N/A

**9.     List any anticipated interventions.**

None.

**10.    Is/are there any issues in this case which may raise allegations or class action issues?**

No.

<u>Discovery</u>

**11.    The conference required by Rule 26(f) was held on 11/13/15 via telephone. Counsel/Parties who participated in the conference:**

Tyler Bleau, The Voss Law Firm, for Plaintiffs Jesus and Ana Cavazos. Chad W. Schreiber for Defendant Companion Property & Casualty.

**12.    Describe the proposed discovery plan agreed upon at the conference. Include the following:**

**a)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a);**

None.

**b)** **When and to whom Plaintiff anticipates it may send interrogatories;**

Plaintiffs anticipate they may propound Interrogatories to Defendant within the next 60 days.

**c)** **When and to whom Defendant anticipates it may send interrogatories;**

Defendant anticipates it may propound Interrogatories to Plaintiffs within the next 60 days.

**d)** **Of whom and by what date Plaintiff anticipates taking oral depositions?**

Plaintiffs anticipate that depositions of Defendant's corporate representative and any expert designated by Defendant will be needed.

The depositions in this case will be taken a reasonable time prior to the discovery deadline as set forth by the Court.

**e)** **Of whom and by what date Defendant anticipates taking oral depositions;**

Defendant anticipates it may need the oral deposition of Plaintiffs and any expert designated by Plaintiffs.

The depositions in this case will be taken a reasonable time prior to the discovery deadline as set forth by the Court.

**f)** **When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;**

Plaintiffs anticipate designating experts and/or providing expert reports on or prior to the Court's March 1, 2015 deadline.

**g)** **List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 25(a)(2)(B).**

See subsection d)

h)      **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 25(a)(2)(B)**

Defendant anticipates it may need the oral deposition of any expert designated by Plaintiffs, which will occur a reasonable time before any discovery deadline as set forth by the Court.

**13.    If the parties do not agree on any portion of the discovery plan, describe the separate views <u>and proposals</u> of each party.**

N/A.

**14.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**15.    State the date the planned discovery can reasonably be completed.**

The parties will complete discovery on or prior to the Court's June 1, 2016 deadline.

<u>Settlement and Trial Alternatives</u>

**16.    Describe the possibilities of settlement or alternative dispute resolution which were discussed at the Rule 26(f) meeting.**

The parties discussed alternative dispute resolution; specifically, that Defendant Wellington previously invoked the appraisal provision contained within the policy at issue as a method to resolve the dispute between the parties.

Plaintiffs also suggested mediation as a possible alternative dispute resolution method.

**17.    Describe what each party has done or agreed to do to bring about a prompt settlement.**

Defendant Companion previously invoked appraisal under the policy at issue on or about September 8, 2015 through correspondence submitted to Plaintiffs' counsel as required under the policy. The appraisal process sets the amount of loss under the Policy and Companion believes completion of this process will assist in bringing a prompt settlement to this matter. Plaintiffs have named their designated appraiser in accordance with the subject policy and the appraisal process is ongoing.

**18.    From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Defendant believes that the policy provision of appraisal would be reasonably suitable in resolving this lawsuit by allowing for an independent determination of the amount of loss without the need for court intervention as contemplated under the policy at issue. Defendant has invoked appraisal by letter to the Plaintiffs in order to accomplish same.

Plaintiffs believe mediation may also be a possible alternative dispute resolution method.

**19.**     **Magistrate Judges may now hear jury and non-jury trials. Will the parties consent to trial before a Magistrate Judge?**

The parties have not come to an agreement regarding trial before a Magistrate Judge.

**20.**     **State whether a jury demand has been made and if it was made on time**

Plaintiffs timely requested a jury in the state court action prior to this lawsuit's removal.

**21.**     **In the event of a trial, how many <u>hours</u> will it take to try this case.**

Approximately 25 hours.

Additional Conference Items

**22.**     **If there are any motions pending before the Court at this time, list them.**

Defendant currently has pending a Plea in Abatement previously filed in state court concerning appraisal seeking abatement while the parties complete the appraisal process. Plaintiffs oppose this motion.

**23.**     **Can any of these motions be ruled upon at the Initial Pretrial and Scheduling Conference?**

Yes.

**24.**     **Are there any other matters peculiar to this case, including discovery, that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?**

Yes, Defendant Companion believes that the completion of the appraisal process should resolve all disputes in this case, which Plaintiffs disagree with. As such, Defendant previously requested abatement of the present lawsuit while appraisal is conducted. If this Court hears and grants Defendant's Plea in Abatement, the abatement may affect pretrial deadlines in this case.

**25.**     **Proposed Dates for Scheduling Order.**

The parties have no suggested changes to the dates set forth in the Court's Joint Report Order.

**26.**    **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Wm. David Farmer (Attorney-in-Charge)
State Bar No. 066826470
Chad W. Schreiber
State Bar No. 24085732
Curney, Farmer, House & Osuna, P.C.
411 Heimer Road, San Antonio, Texas 78232
Telephone:  (210) 377-1990
Emails: wdfarmer@cfholaw.com
            cschreiber@cfholaw.com

*Counsels for Defendant*


Tyler Bleau (Attorney-in-Charge)
State Bar No. 24080793
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas  77380
Telephone:  (713) 861-0015
Emails: bill.voss@vosslawfirm.com
            scott@vosslawfirm.com
            tyler@vosslawfirm.com

*Counsels for Plaintiff*